In the United States District Court
for the District of Wyoming

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>MICHELINO P. SUNSERI,<br><br>Defendant, | Case No. 24-PO-00893-SAH-1 |

**ORDER DENYING DEFENDANT'S MOTION TO ADMIT NEW EVIDENCE AND CONDUCT EVIDENTIARY HEARING [ECF 54]**

This matter comes before the Court on the Defendant's Motion to Admit New Evidence and Conduct an Evidentiary Hearing. (ECF 54.) The Defendant alleges in the motion that the day before the bench trial, the National Park Service ("NPS") withdrew its referral for prosecution in this matter. The Defendant states this information was not disclosed to the defense prior to trial and that this failure to disclose the information was a *Brady* violation. He also claims this was a violation of his right to a fair trial under the Fifth Amendment's Due Process Clause. The Government filed its response. (ECF 55.)

The Government presumes the Defendant's motion is a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. The Government sets forth the criteria the Court is to consider for a new trial and avers that the information for which the Defendant seeks to open the evidence would be neither admissible at trial nor relevant to whether the Defendant was guilty of the charged crime or not. The Government contends the information was neither *Brady* nor *Giglio* information. The Defendant did not file a reply brief.

After examining the briefs, this Court has determined that oral argument would not materially assist in the determination of this motion.

## PROCEDURAL BACKGROUND

On September 30, 2024, the Defendant was charged by violation notice with one count of "shortcutting a trail" in violation of 36 C.F.R. § 2.1(b), a Class B misdemeanor. The violation allegedly occurred on September 2, 2024, in Grand Teton National Park in the District of Wyoming. (ECF 1.) The Defendant was arraigned on January 7, 2025, and entered a not guilty plea. (ECF 10.) The Court set a bench trial for May 20, 2025, at the Jackson Courthouse. The trial occurred over two days and the Court took the matter under advisement. Prior to a verdict being rendered, the Defendant filed the instant motion.

## DISCUSSION

In support of his motion for a new trial, the Defendant attached a series of email exchanges between the Office of the Solicitor General for the Department of the Interior, the Department of Justice, and the National Park Service. In the emails, the NPS, at 5:01 p.m.[1] the day before trial, sent an email to the Solicitor General indicating that the NPS was withdrawing its criminal prosecution referral for the Defendant. This email was then forwarded to Adam Gustafson with the DOJ. Mr. Gustafson is not the DOJ attorney handling the prosecution of the Defendant's case. It appears the prosecutor on the case was notified of the email at 4:55 p.m.[2] on that same day.

An email returned from the local DOJ office at 7:16 p.m. indicated the office intended to continue with the prosecution. The Defendant contends this series of emails was *Brady/Giglio* material which should have been turned over to the defense prior to trial on May 20, 2025. The Government does not appear to dispute that this series of emails was not turned over to the Defendant or that the emails are what they purport to be. For purposes of this Order, the Court

---

[1] The emails give no indication of what time zone this occurred in.
[2] The Court assumes this was Mountain Daylight Time, the local time zone, but after the 5:01 p.m. email.

takes as true that this email string is accurate and was not turned over to the Defendant prior to trial.

The Defendant contends the withholding of this information would put the case into an entirely different light and undermine the confidence in the verdict. The Defendant claims the prosecution committed a knowing violation of his right to a fair trial and that this prevented him from challenging the "legitimacy of the prosecution" arguing other courts have ordered like communications to be turned over to the defense in similar cases.

### A. **The Defendant Does Not Set Forth a Fully Developed Legal Argument**.

To start off, the Court notes that the Defendant's "Legal Standards" section of the motion is a total of three paragraphs comprising eight sentences (citations excluded) and appears to contain the Defendant's entire analysis of the law applicable to this matter and motion.[3] The extreme sparsity of legal analysis makes it very difficult for the Court: the Defendant has not cited any authority under which the Court is to act or grant his request; he has set forth, very minimally, a few legal standards that should be applied; and he has made no attempt to apply the pertinent law to the facts of this case.

`A court is not required to "manufacture a party's argument for [it]." *Eateries, Inc., v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) (quoting *Sil-Flo, Inc., v. SFHC, Inc.*, 917 F.2d 1507, 1513 (10th Cir. 1990)); *Clark v. Colbert*, 895 F.3d 1258, 1266-67 (10th Cir. 2018) ("We have said many times that we need not consider broad assertions unaccompanied by authority."); *United States v. Moya*, 5 F.4th 1168, 1192-93 (10th Cir. 2021) ("And if we refuse to 'fill the void by crafting arguments and performing the necessary legal research' for pro se litigants, that holds

---

[3] "Whether a legal argument has been adequately presented cannot be determined solely by looking at the number of words devoted to it, but it would be illogical to say that this metric is meaningless." *United States v. Walker*, 918 F.3d 1134, 1152 (10th Cir. 2019).

with even greater force for counseled litigants." (citations omitted)). Despite the sparsity of Defendant's motion, this Court will do its best to address the merits as presented.

### B. Motion for New Trial.

Like the Government, this Court assumes the Defendant's motion is made pursuant to Federal Rule of Criminal Procedure 33. Rule 33(a) provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment." Motions for new trials are generally disfavored and should be granted with great caution. *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (citing *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997)).

As correctly stated in the Government's reply, a defendant seeking a new trial alleging a *Brady/Giglio* violation "must show by a preponderance of the evidence that '(1) the prosecution suppressed the evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material.'" *United States v. Cordova*, 25 F.4th 817, 826 (10th Cir. 2022) (quoting *United States v. Ahrensfield*, 698 F. 3d 1310, 1319 (10th Cir. 2012)). "Evidence is material 'when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.'" *Id*. (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)). The burden is not to show that the evidence would have led to a different outcome, but that the suppression of the evidence "undermines confidence in the outcome of the trial." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995).

The Defendant failed to mention, address, or provide by a preponderance of the evidence any part of the three requirements. That notwithstanding, the Court makes the following findings: the evidence was suppressed because it was not disclosed to the Defendant which satisfies the first

prong. As for the second prong, again, even though the Defendant fails to set forth how the evidence is favorable, the Court supposes the fact that the NPS withdrew its referral for prosecution could be seen as favorable to the defense. That takes the Court to the third prong, whether the evidence is material.

While the Defendant refers to some case law setting forth the appropriate standard, he fails to apply that to the facts of this case and show how it is material. He makes broad claims this evidence would have put the case in a different light as to undermine any verdict and that it denied the defense the "ability to challenge the legitimacy of the prosecution," without providing any further analysis. The defense cites cases that it contends are "similar situations" where the court ordered "broad delivery of related communications to the defense." (ECF No. 55.) (citations omitted).

In reviewing one case cited, *United States v. Stevens*, the Court finds that the facts of that case are not at all "similar" to the situation here. That case involved an FBI agent who had alleged law enforcement and prosecutorial misconduct, and one of the issues was whether the agent was entitled to whistleblower status. *United States v. Stevens*, 75 F.Supp.2d 1 (D.D.C. 2009). In *Stevens*, the court previously ordered the Government to provide information and turnover documents. *Id*. at 8. The court found that the Government had "misled the Court and/or misrepresented the facts" and had failed to "candidly and openly answer the Court's questions." *Id*. The Defendant has failed to demonstrate through legal argument or analysis how the facts in *Stevens* are like or apply to the facts in his case, and as stated before, the Court need not craft the Defendant's legal arguments. *See Moya*, 5 F.4th at 1192.

Therefore, the Defendant has failed to show by a preponderance of the evidence the materiality of the email exchange and thus is not entitled to a new trial. The Defendant's request for a new trial is **DENIED**.

## C. Request for an Evidentiary Hearing.

The Defendant has requested an evidentiary hearing regarding the DOJ's internal discussions and decision-making process including the DOJ's motivation in pursuing a purported plea agreement that the Defendant deems "disproportionate." Again, the Defendant offers no law to support this request and why it is appropriate.

He requests the evidentiary hearing to determine whether the failure to provide this information violated the Government's obligations and had an impact on "defense trial strategy, witness presentation, and factual development." These are not factual matters requiring an evidentiary hearing. Those are matters of law to be decided by the Court. Again, the Defendant offers no legal support or analysis for his proposed evidentiary hearing. "A defendant is not entitled to a hearing to further develop legal arguments which were either not raised or only fleetingly addressed. Evidentiary hearings provide the Court with an opportunity to resolve factual disputes; they do not provide counsel with a second chance to develop legal arguments." *United States v. Maldonado*, No. CR-18-227-SLP, 2023 WL 8097096, at *16-17 (W.D. Okla. Sep. 21, 2023).

Accordingly, the Defendant's request for an evidentiary hearing is **DENIED**.

## D. Request to Admit Freedom of Information Act Response.

Additionally, the Defendant asks this Court "to admit the FOIA response" into the evidentiary record. Again, the Defendant fails to provide any legal foundation for admission of the document into the evidentiary record. Proper foundation, as prescribed under the Federal Rules of Evidence, is required prior to the admission of this record. *See* Fed. R. Evid. 901. As such, the

document or evidence would have to be admitted through an appropriate witness for an appropriate purpose. The Defendant has utterly failed to demonstrate how this information is material in any way.

He has not set forth why or how it would be admissible at trial, why or how it would lead to discovery of admissible evidence, or why or how it impacted the defense strategy. The Defendant has failed to provide any of this, much less by a preponderance of the evidence. He has not demonstrated how this information might have changed the outcome of the trial or how it may undermine the Court's verdict. The information is irrelevant as to whether the Defendant committed the charged violation. It does not change the substantive facts presented at trial.

The motivation behind the prosecution is not relevant at the trial stage, either. The Court previously heard arguments regarding the Defendant's claim for selective enforcement. The Defendant represented he was not claiming selective prosecution. Now he seems to be saying these emails somehow support a selective prosecution claim. The Court finds an utter lack of support for this argument because this exchange did not occur until the eve of trial.

The prosecution had been pending for seven months. These emails do not suddenly turn it into a vindictive prosecution. Rather, as the Government states, the prosecution does have broad discretion in its prosecutorial decisions. The withdrawal of law enforcement's referral, whatever the reason may be, is neither here nor there.

Accordingly, the Defendant's request to admit the email exchange is **DENIED**.

## CONCLUSION

The Defendant has utterly failed to demonstrate by a preponderance of the evidence the materiality of the information he claims the Government did not disclose. The motion was nothing

more than some perfunctory conclusions and broad unsupported claims.  This is not enough to satisfy even the low standard of preponderance.

**THEREFORE, THE COURT DENIES** the Defendant's Motion to Admit New Evidence and Conduct Evidentiary Hearing.

Dated this 2d day of September 2025

*Stephanie Hambrick*
Honorable Stephanie A. Hambrick
United States Magistrate Judge